IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT FORD, SR. and
ANNA FORD                                                        PLAINTIFF

v.                              05-CV-2086

TRADITIONAL SPORTING GOODS, INC.
d/b/a TRADITIONS and
HODGDON POWDER COMPANY, INC.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Separate Defendant Hodgdon Powder Company, Inc.'s (Hodgdon) Motion for Summary Judgment (Docs. 39, 40, 43), Plaintiffs' response (Docs. 58-59) and Hodgdon's reply (Docs. 70-71). Plaintiffs bring this action against Hodgdon pursuant to the Arkansas Product Liability Act of 1979. Ark. Code Ann. § 16-116-101, *et seq*. Plaintiff Robert Ford contends he was injured while firing a rifle manufactured by Separate Defendant Traditional Sporting Goods, Inc. d/b/a Traditions (Traditions) which utilized powder manufactured by Hodgdon. Plaintiffs contend Hodgdon placed a defective and unreasonably dangerous product, Pyrodex RS, into the stream of commerce. Plaintiffs contend the Pyrodex RS was defective because Hodgdon did not warn consumers that the product presented a danger if utilized in the specific type of rifle used by Plaintiff Robert Ford when he was injured. Plaintiffs further allege claims against Hodgdon for breach of implied

warranty of marketability and negligence. Plaintiff Anna Ford asserts a claim for loss of consortium.

Hodgdon contends it is entitled to summary judgment as Plaintiffs have not presented evidence that the Pyrodex RS was defective or that Hodgdon failed to appropriately warn Plaintiffs. Based on the reasons that follow, Hodgdon's Motion for Summary Judgment is GRANTED, and Plaintiffs' Amended Complaint is DISMISSED against Separate Defendant Hodgdon.

**Background**

Traditions is an importer and distributor of muzzleloading and/or blackpowder firearms. Hodgdon designs, manufactures and distributes gun powder. According to Plaintiffs, Robert Ford was given a Traditions Buck Hunter Pro In-Line 50 Caliber Muzzle Loading Rifle as a gift in November 2003. Plaintiffs contend Mr. Ford also received a Warranty and Shooting Instruction Manual (the Manual) with the rifle.

On January 2, 2004, Mr. Ford contends he fired the rifle three times without difficulties but on the fourth time the rifle exploded causing injuries and the partial amputation of his right hand. Prior to firing the rifle, Mr. Ford maintains he carefully reviewed the shooting instructions and warnings contained in the Manual. He also claims that he used the amount of Pyrodex RS that was recommended by the Manual and that he fired the rifle some thirteen (13) times prior to the explosion.

**Discussion**

In determining whether summary judgment is appropriate, the Court must view the facts and inferences in the light most favorable to the non-moving party. *See Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997). The moving party bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986).

**A. Strict Liability Claim – Failure to Warn**

Hodgdon contends it is entitled to summary judgment on Plaintiffs' strict liability claim for failure to warn as neither of Plaintiffs' experts expressed any criticism of Hodgdon, and Mr. Ford testified that he did not rely on the Hodgdon label but rather relied on the Manual provided by Traditions. Plaintiffs provided no evidence that Hodgdon's warnings were insufficient while Hodgdon's expert, Dr. J.P. Purswell, stated in his opinion that Hodgdon's warnings "were adequate for its safe use and for the foreseeable misuse of the product." (Doc. 43, p. 9). Plaintiffs contend that Hodgdon should have warned consumers that its product could be used in the Traditions rifles and that any such use would create pressures in excess of the levels the rifles were tested.

In order to state a cause of action under the strict

liability theory, the plaintiff must plead: (1) that he has sustained damages; (2) that the defendant was engaged in the business of manufacturing, assembling, selling, leasing or distributing the product; (3) that the product was supplied by the defendant in a defective condition which rendered it unreasonably dangerous; and (4) that the defective condition was a proximate cause of the plaintiff's damages. *See West v. Searle & Co., G.D.*, 806 S.W.2d (Ark. 1991)(citations omitted). Generally speaking, there are three varieties of product defects: manufacturing defects, design defects, and inadequate warnings. *Id*. As a general rule, there is a duty to warn the ultimate user of a product of the risk of the product. *Lee v. Martin*, 45 S.W.3d 860 (Ark. App. 2001)(citation omitted). This duty exists under either a negligence theory or a strict-liability theory. *Id.*

In this case, Plaintiffs contend that Hodgdon supplied the Pyrodex RS in a defective condition by failing to warn that the product was dangerous when used in connection with the specific Traditions rifle used by Mr. Ford. Plaintiffs do not contend that the Pyrodex RS was defective in and of itself. However, Plaintiffs' claim fails as Hodgdon had no duty to warn Plaintiffs that the otherwise safe Pyrodex RS would be dangerous when used in connection with a Traditions Buck Hunter Pro In-

Page 4 of 7

Line 50 Caliber Muzzle Loading Rifle.[1]

In a similar case, *Cervelli v. Thompson/Center Arms, et al.*, 183 F.Supp.2d 1032 (S.D. Ohio 2002), the United States District Court for the Southern District of Ohio, found that the manufacturer of the bullet in a rifle accident had no duty to warn of dangers that might have existed when the bullet was integrated into the rifle fired by the injured plaintiff. In *Cervelli*, the plaintiff was injured while firing a muzzle-loading rifle and brought products liability actions against the manufacturers of the rifle and the bullet. The evidence established that the bullet was not defective, but the plaintiff alleged that the bullet became defective when integrated into the rifle at issue. *Cervelli*, 183 F.Supp.2d at 1046-47. The court found that the bullet manufacturer had no duty to warn Plaintiff of the increased barrel pressure associated with the use of that bullet or the possibility of a malfunction in the rifle due to increased barrel pressure as the bullet manufacturer had no role in the design or assembly of the rifle. *Id. See also, In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation v. E.I. DuPont De Nemours and Co.,* 97 F.3d 1050 (8th Cir. 1996)(non-defective component part

---

[1]Plaintiffs contend that Hodgdon does not base its summary judgment motion on the fact that it had no duty to warn Plaintiffs. However, whether a manufacturer has a duty to warn is a question of law, and the absence of a duty to warn prevents Plaintiffs from proving their strict liability claim.

manufacturer had no duty to warn consumers of other companies' finished products).

The Court finds that the Pyrodex RS manufactured by Hodgdon was a non-defective product, and that Hodgdon had no duty to warn Plaintiffs of potential dangers when used in conjunction with the Traditions Buck Hunter Pro In-Line 50 Caliber Muzzle Loading Rifle. The Pyrodex RS itself is not an inherently dangerous product, and Hodgdon had no control over the design, testing or manufacturing of the Traditions rifle. Accordingly, Plaintiffs' strict liability claim for failure to warn must fail.

**B. Negligence**

Plaintiffs also argue that Hodgdon was negligent in failing to warn them of dangerous propensities of Pyrodex RS when used in the Traditions Buck Hunter Pro In-Line 50 Caliber Muzzle Loading Rifle. The Court has concluded Hodgdon had no duty to warn Plaintiffs, and this claim must fail for the reasons addressed above in connection with Plaintiffs' strict liability claim.

**C. Breach of Implied Warranty of Marketability**

Plaintiffs also assert a claim for breach of implied warranty of marketability. The gravamen of such a claim is that the product is not suited for its ordinary purpose. *See Lee, supra*. Plaintiffs do not contend that the powder was itself

defective but only that Hodgdon should have warned them of dangers associated when used in Mr. Ford's particular rifle. Plaintiffs have offered no proof that the Pyrodex RS was defective or was inadequate to serve its ordinary purpose. Therefore, summary judgment is proper on this claim.

**D. Loss of Consortium**

Plaintiff Anna Ford's claim for loss of consortium is dependent upon her husband's claims for damages. As all claims against Hodgdon have been dismissed, the loss of consortium claim against Hodgdon must also be DISMISSED. *See Sisemore v. Neal*, 367 S.W.2d 417 (Ark. 1963).

**E. Conclusion**

In conclusion, the Court determines Hodgdon's motion for summary judgment is GRANTED. Accordingly, Plaintiffs' Amended Complaint is DISMISSED WITH PREJUDICE against Separate Defendant Hodgdon.

IT IS SO ORDERED this 2nd day of June, 2006.

/s/ Robert T. Dawson
Hon. Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)