IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT FORD SR. and
ANNA FORD                                              PLAINTIFFS


        v.              Civil No. 05-2086


TRADITIONAL SPORTING GOODS, INC.
d/b/a/ TRADITIONS                                      DEFENDANT


### ORDER

Now on this 16th day of April, 2007, there comes on for consideration various motions and responses of the parties. They include: (1) Plaintiffs' Motion in Limine to Exclude Dr. Sam Fadala From Discussing Evidence that Robert Ford, Sr. Used Smokeless Powder and Brief in Support (Docs. 88-89), Defendant's Response (Doc. 105) and Plaintiffs' Reply (Doc. 114); (2) Plaintiffs' Motion in Limine to Exclude Evidence of Intoxication and Brief in Support (Docs. 90-91) and Defendant's Response and Brief in Support (Docs. 96-97, 99); (3) Plaintiffs' Motion in Limine to Exclude Evidence of Robert Ford, Sr.'s Discharge from the Military and Brief in Support (Docs. 92-93), Defendant's Response (Doc. 104) and Plaintiffs' Reply (Doc. 113); (4) Plaintiffs' Motion in Limine to Exclude Robert Ford, Sr.'s Criminal Record and Brief in Support (Docs. 94-95), Defendant's Response (Doc. 103) and Plaintiffs' Reply (Doc. 117); (5) Defendant's Motion in Limine to Preclude Plaintiffs from Using any Photographs Submitted After the Discovery End Date (Doc.

AO72A
(Rev. 8/82)

107) and Plaintiffs' Objections and Brief in Support (Docs. 115-116, 118); (6) Defendant's Motion in Limine to Exclude Testimony of Jim Briem (Doc. 108) and (7) Defendant's Motion in Limine to Exclude Testimony of Randy Wakeman (Doc. 109).

## Background

Plaintiffs set forth allegations of strict liability in tort, breach of implied warranty of marketability, and negligence. The allegations stem from a hand injury sustained by Robert Ford while discharging a Traditions Buckhunter PRO In-Line .50 caliber rifle.

## (1). Plaintiffs' Motion in Limine to Exclude Dr. Sam Fadala From Discussing Evidence that Robert Ford, Sr. Used Smokeless Powder

Plaintiffs seek an order precluding Defendant's expert witness, Dr. Sam Fadala, from testifying that Robert Ford, Sr. used smokeless powder in the rifle on the date of the accident. Plaintiffs contend that Dr. Fadala has testified that there is no evidence that smokeless powder was used and that "all witnesses are in agreement" that Mr. Ford used Pyrodex RS. Defendant contends that its position that smokeless powder contributed to the failure of the rifle's barrel is neither new or surprising to Plaintiffs and that Dr. Fadala did, in fact, disclose this possibility in his deposition.

It is clear from a review of Dr. Fadala's deposition that his position is that the barrel failure is similar to cases Dr.

Fadala has seen which were caused by the use of smokeless powder and that his opinion is that smokeless powder could have contributed to the barrel failure in this case and this is despite Mr. Ford's testimony to the contrary. Plaintiffs will have ample opportunity to cross-examine Dr. Fadala and to provide their own expert testimony as to the cause of any barrel failure. Accordingly, Plaintiffs' Motion is DENIED.

**(2). Plaintiffs' Motion in Limine to Exclude Evidence of Intoxication**

Plaintiffs seek to exclude any evidence that Robert Ford, Sr. was under the influence of any alcohol or drugs at the time of the rifle accident as irrelevant and/or overly prejudicial. Defendant contends that such evidence could be relevant to its defense that the accident was caused by Mr. Ford's improper loading of the rifle.

Plaintiffs state that the only evidence reflects that Mr. Ford was out of his prescription medication for several days prior to the accident and had ceased using alcohol several years before the accident. Defendant states that on December 13, 1999, a search warrant was executed on Plaintiffs' residence finding numerous marijuana plants in the home. Defendant contends that Dr. Russell Young, Mr. Ford's physician, stated that Mr. Ford is addicted to hydrocodone and has been for ten years. Further, Defendant states it can show that three days before the accident, Mr. Ford re-filled a prescription for 120

3

hydrocodone tablets.  Defendant contends such evidence goes to Mr. Ford's credibility as he testified he did not have any pain medication at the time of the accident and, therefore, could not have taken any.  Defendant states that the jury is entitled to determine whether Mr. Ford was taking pain medication at the time of the accident or whether he was addicted to it which could have affected his ability to properly load the rifle.

The Court finds that instances of Mr. Ford's prior drug use is not relevant, and Plaintiffs' Motion (Doc. 90) should be GRANTED.  However, such evidence could become proper impeachment material, and defense counsel shall approach the bench prior to introducing any evidence or inquiring about of Mr. Ford's drug use.

**(3).  Plaintiffs' Motion in Limine to Exclude Evidence of Robert Ford, Sr.'s Discharge from the Military**

Plaintiffs seek to exclude evidence that Mr. Ford received an "undesirable" discharge from the military.  Defendant states that the discharge is relevant as Plaintiffs intend to use Mr. Ford's military experience to show he was trained in the use of firearms and admissible to show Mr. Ford had a habit of unsafe and improper firearm usage.

The Court finds that Mr. Ford's military discharge due to alcohol abuse is not admissible to show he had a "habit" of using firearms while abusing alcohol.  However, if Mr. Ford's military experience comes into evidence, testimony concerning an

4

"undesirable" discharge may be proper impeachment evidence. Accordingly, Plaintiffs' Motion is GRANTED, and the attorneys are instructed to approach the bench prior to admitting such evidence upon cross-examination.

**(4). Plaintiffs' Motion in Limine to Exclude Robert Ford, Sr.'s Criminal Record**

Plaintiffs move the Court for an order prohibiting any evidence of Mr. Ford's prior felony convictions as they are more than ten years old. Further, Plaintiffs seek to exclude evidence of a crime for which Mr. Ford was charged in Oregon but later acquitted.

Defendant contends the crimes are admissible as they involve dishonesty and false statement. Defendant further claims that the crimes are admissible to show proximate cause of the accident as Mr. Ford was a convicted felon and therefore prohibited from possessing a firearm. Further, Defendant contends that Mr. Ford's past convictions will be relevant if Plaintiffs put Mr. Ford's character at issue during trial.

Rule 609 of the Federal Rules of Evidence permits the impeachment of a witness by evidence of criminal convictions in two instances: (1) if the witness was convicted of a felony and the court determines the probative value outweighs the prejudicial effect; or (2) if the witness was convicted of a crime involving an act of dishonesty or false statement. Convictions more than ten years old are not admissible unless

5

the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect, and the proponent gives the adverse party sufficient advance written notice of intent to use such evidence.  Fed. R. Evid. 609(b).

Defendant seeks to introduce evidence that Mr. Ford was convicted of violating the Arkansas Hot Check Law on September 20, 2000, and of giving false information to police officers on July 2, 1991.  Plaintiffs contend that the probative value is substantially outweighed by the prejudicial effect.  The Court finds that Mr. Ford's credibility will be an important factor in this trial and that these convictions are admissible as they may involve dishonesty and/or false statements.  Accordingly, Plaintiffs' Motion is DENIED (Doc. 95) as to these two convictions.  Plaintiffs' Motion is GRANTED to the extent that any otherwise inadmissible felony convictions will not be admitted to show Mr. Ford was illegally possessing a firearm.  However, Mr. Ford's criminal history could become proper impeachment material, and the attorneys are instructed to approach the bench prior to admitting any such evidence.

**(5).  Defendant's Motion in Limine to Preclude Plaintiffs from Using any Photographs Submitted After the Discovery End Date**

Defendant moves the Court to prohibit Plaintiffs' expert, Dr. Morse, from referring to or using certain photographs that

6

Defendant contends Plaintiffs provided on August 7, 2006, three days after the discovery deadline.  Plaintiffs contend that Defendant requested that Dr. Morse take the photographs on August 3, 2006, and Plaintiffs provided Defendant the photographs on August 7, 2006.  The discovery deadline was August 4, 2006.  Defendant contends it would be "highly prejudicial" to allow the photographs into evidence since Defendant was unable to question Dr. Morse about the photographs and/or to provide them to Defendant's own expert.

The Court does not believe that the production of these photographs three days after the discovery deadline is sufficiently prejudicial to exclude them from evidence.  However, the Court makes no ruling on the otherwise admissibility of the photographs, and Plaintiffs will be required to properly authenticate and identify the photographs prior to their admission into evidence.

**(6-7).  Defendant's Motions in Limine to Exclude Jim Briem and Randy Wakeman**

Defendant seeks to exclude Jim Briem and Randy Wakeman from testifying as either expert or fact witnesses during trial. Defendant contends Plaintiffs never disclosed either Briem or Wakeman as an expert in accordance with the Federal Rules nor do Briem or Wakeman have any personal knowledge of relevant information in this case.  Plaintiffs have not responded to either motion.

7

Rule 602 of the Federal Rules of Evidence states:

[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

Fed. R. Evid. 602.

While the Court does not believe Plaintiffs intend to offer Briem and Wakeman as expert witnesses, the Court finds that Defendant's Motions (Docs. 108-09) should be GRANTED.  To the extent Plaintiffs intend to offer Briem and Wakeman as lay witnesses, the Court may reconsider this ruling prior to trial provided Plaintiffs make a showing that Briem and Wakeman possess first-hand information that is relevant to the issues in this case.

## Conclusion

For the reasons stated above, Plaintiffs' Motion in Limine to Exclude Dr. Sam Fadala from Discussing Evidence that Robert Ford, Sr. Used Smokeless Powder (Doc. 88) is DENIED; Plaintiffs' Motion in Limine to Exclude Evidence of Intoxication (Doc. 91) is GRANTED; Plaintiffs' Motion in Limine to Exclude Robert Ford, Sr.'s Criminal Record (Doc. 94) is GRANTED IN PART AND DENIED IN PART; Plaintiffs' Motion in Limine to Exclude Evidence of Robert Ford, Sr.'s Discharge from the Military (Doc. 92) is GRANTED; Defendant's Motion in Limine to Preclude Plaintiffs from Using any Photographs Submitted After the Discovery End Date (Doc. 107) is DENIED; Defendant's Motions in Limine to Exclude Jim

8

Briem and Randy Wakeman (Docs. 108-09) are GRANTED.

IT IS SO ORDERED this 16th day of April, 2007.


/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

9