```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

ROBERT FORD SR. and
ANNA FORD                                           PLAINTIFFS

      v.                Civil No. 05-2086

TRADITIONAL SPORTING GOODS, INC.
d/b/a/ TRADITIONS                                   DEFENDANT

### ORDER

On June 29, 2007, an order was entered dismissing Plaintiffs' Complaint based upon the jury verdict and directing the parties to bear their respective costs and attorney's fees. Now before the Court are Defendant's Motion to Amend the Judgment and Brief in Support (Docs. 134-35) and Plaintiffs' Response (Doc. 136).

Defendant moves the Court to amend the judgment and award Defendant $61,327.84 in taxable costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and $6,356.50 in costs incurred after an offer of judgment was made pursuant to Rule 68 of the Federal Rules of Civil Procedure. Plaintiffs object to any award of costs in favor of Defendant. The Court, being well and sufficiently advised in the premises, finds Defendant's Motion (Doc. 134) should be and hereby is DENIED.

Rule 54(d)(1) provides, in pertinent part, that:

> ...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...

Fed. R. Civ. P. 54(d)(1). A district court has substantial discretion in awarding costs to a prevailing party. *See Greaser v. State, Dept. of Corrections*, 145 F.3d 979 (8th Cir. 1998). The Eighth Circuit takes a broad view of Rule 54(d) finding that its grant of discretion alone permits a court to deny costs without finding that a prevailing party was guilty of some misconduct or other action worthy of penalty. *Id. See also, Fields v. Shelter Mutual Ins. Co.*, 2007 WL 1702512 (E.D. Ark. June 11, 2007). Additionally, the court may consider Plaintiffs' limited financial resources. *See Cross v. General Motors Corp.*, 721 F.2d 1152 (8th Cir. 1983).

It is clear from the testimony and evidence set forth in the pleadings, as well as during the trial, that it would be difficult, if not impossible, for Plaintiffs to reimburse Defendant for any of the costs it seeks. Mr. Ford testified that he was unable to obtain work because of a disability. Accordingly, there is no dispute that there is a wide disparity of economic resources between the parties in this case. In situations "where the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles..." *See Pittari v. American Eagle Airlines*, 2007 WL 1757094 (W.D. Ark. June 19, 2007) *citing Boas Box Co. v. Proper Folding Box Corp.*,

55 F.R.D. 79 (E.D.N.Y. 1971). Accordingly, Defendant's Motion is DENIED as to its request for costs pursuant to Rule 54(d)(1).

Rule 68 provides, in pertinent part, that:

> [i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68. However, the United States Supreme Court has held that this rule does not apply when the judgment obtained was in favor of the defendant as in this case. Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Therefore, Defendants' motion is DENIED as to the $6,356.50 in costs incurred after making the offer of judgment.

IT IS SO ORDERED this 30th day of July 2007.

/s/Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge